NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH MATHIS, | Hon. Dennis M. Cavanaugh |
| Petitioner, | |
| v. | **OPINION** |
| | Civil Action No. 05-CV-2705 (DMC) |
| UNITED STATES OF AMERICA, | |
| Respondent | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioner Keith Mathis ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Petitioner's motion is **denied**.

I. **BACKGROUND**

Petitioner was indicted on one count of conspiracy to commit bank robbery and one count of bank robbery on October 20, 1998. Following a jury trial, Petitioner was convicted on both counts. The Honorable Alfred Lechner, Jr. sentenced Petitioner to serve concurrent terms of 60 months on the conspiracy count and 162 months on the robbery count.

In ordering Petitioner's sentence, Judge Lechner made two factual findings, both under a preponderance of the evidence standard. First, Judge Lechner determined that Petitioner "brandished a weapon" during the commission of the robbery; and second, that "property was taken from a financial institution." On appeal, the Third Circuit affirmed Petitioner's conviction. The Supreme Court denied Petitioner's writ of certiorari.

## II. DISCUSSION

The issue before this Court is whether Judge Lechner's sentence of Petitioner, relying on facts established only by a preponderance of the evidence, violates Petitioner's Fifth and Sixth Amendment rights. More specifically, this Court must decide whether the rule of law announced in United States v. Booker, 543 U.S. 220 (2005) retroactively applies to Judge Lechner's sentencing of Petitioner. In Booker, the Supreme Court held that the Sixth Amendment right to a trial by jury applies to the Federal Sentencing Guidelines. Id. at 244. This new rule of law was announced more than five years after Petitioner was sentenced by Judge Lechner. Petitioner argues that his petition is brought pursuant to the Fifth and Sixth Amendments, and not Booker, in order to avoid application of the Third Circuit's recent decision of Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). This argument is meritless because in deciding Booker, the Supreme Court interpreted and applied the Fifth and Sixth Amendments. In deciding Petitioner's writ of habeas corpus, this Court is bound by the applicable Supreme Court and Third Circuit decisions interpreting the Fifth and Sixth Amendments, namely Booker and Lloyd.

As articulated in Teague v. Lane, a new rule of criminal procedure "will not become applicable to those cases which have become final before the new [rule is] announced." 489 U.S. 288, 310 (1989). Pursuant to the Court's decision in Teague, a rule of criminal procedure will apply retroactively if (1) the conviction became final prior to the new rule of law was announced; (2) the rule qualifies as "new"; and (3) the "rule qualifies under one of Teague's two narrow exceptions to the non-retroactive application of such rules." Lloyd, 407 F.3d at 611-12. As to the third prong of the Teague test, a new rule of criminal procedure will apply retroactively if "it is [a] watershed rule[] implicating fundamental fairness and accuracy." Saffle v. Parks, 494 U.S. 484, 495 (1990) citing

Teague, 489 U.S. at 311.

In Lloyd v. United States, the Third Circuit held that Booker qualifies as a "new" procedural rule; however, it does not fall into one of Teague's narrow exceptions because it is not "watershed." Id. at 615. Therefore, while Booker announced a "new" rule of criminal procedure and it was decided after Petitioner's conviction became final it does not apply retroactively to Petitioner's sentence because the Booker rule is not "watershed." Thus, the sentence imposed by Judge Lechner, based on facts established by a preponderance of the evidence standard, is not rendered invalid by a retroactive application of the new rule of law announced in Booker. For these reasons, Petitioner's 28 U.S.C. § 2255 motion is denied.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's application for a writ of habeas corpus is **denied**. An appropriate Order accompanies this Opinion. Consequently, the matter is hereby **dismissed**.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date: October ___, 2006
Orig.: Clerk
cc: Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File

3